# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| **REBECCA LAVENANT**, as Personal Representative of the Estate of **PAUL LEWIS GRANADOS**, and in her individual capacity,<br>*Plaintiffs,*<br><br>**-v-**<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; FOLSOM STATE PRISON; JOHN DOES 1–50, inclusive,**<br>*Defendants.* | Case No.______________________________<br><br>**COMPLAINT AND JURY DEMAND** |

**CIVIL ACTION**

*This action alleges, inter alia, violations of the Eighth and Fourteenth Amendments to the United States Constitution, enforceable through 42 U.S.C. § 1983. These violations arise from Defendants' deliberate indifference to the known safety and medical needs of decedent PAUL LEWIS GRANADOS, including their failure to provide protective custody, adequate monitoring, and constitutionally required mental health care while he was incarcerated at Folsom State Prison. Defendants' omissions and concealment of critical evidence, such as the suicide note, thereby infringed upon Mr. Granados' constitutional rights and deprived Plaintiff of meaningful access to the courts.*

Plaintiff REBECCA DENICE LAVENANT, individually and as Personal Representative of the Estate of PAUL LEWIS GRANADOS, by and through her attorneys, Lento Law Group, P.C., brings this action for damages and other equitable relief against Defendants CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, FOLSOM STATE PRISON, and DOES 1–50, in their official and individual capacities, alleging as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages against the Defendants, who at all times were acting under color of State law, and in vindication of Plaintiff's civil rights secured by 42 U.S.C. § 1983,

42 U.S.C. § 1985, and the Eighth and Fourteenth Amendments to the United States Constitution, as well as related state law claims including wrongful death and negligence.

2. This Court has original subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 & 1343.

3. This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related to the claims that they form part of the same case or controversy and arise out of a common nucleus of operative fact.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as, upon information and belief, Defendants reside in this district and the events giving rise to Plaintiff's claims occurred within this district, specifically at Folsom State Prison in Sacramento County, California.

## PARTIES

5. At all times relevant hereto, Plaintiff REBECCA LAVENANT, is, upon information and belief, the surviving spouse of Paul Lewis Granados and the duly appointed personal representative of his estate, and an adult resident citizen of the County of Sacramento, State of California.

6. At all times relevant hereto, Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") was and is a public entity organized under the laws of the State of California, responsible for the operation of state correctional facilities, including Folsom State Prison. CDCR maintains offices for service of process at 1515 S Street, Sacramento, California 95811, and through the Office of Legal Affairs, California Department of Corrections and Rehabilitation, 10111 Old Placerville Road, Suite 100, Sacramento, California 95827.

7. At all times relevant hereto, Defendant FOLSOM STATE PRISON was and is a

correctional institution operated by the California Department of Corrections and Rehabilitation ("CDCR"), located at 300 Prison Road, Represa, California 95671. Service of process may be made through the Office of Legal Affairs, California Department of Corrections and Rehabilitation, 10111 Old Placerville Road, Suite 100, Sacramento, California 95827.

8. Plaintiff is presently unaware of the true names and capacities of Defendants sued herein as JOHN DOES 1–50, inclusive, whether individual, corporate, official, or otherwise. Plaintiff alleges that each of the DOE Defendants is in some manner legally responsible for the acts and omissions complained of herein, and that their conduct contributed to the injuries and damages sustained by Plaintiff. Plaintiff will amend this Complaint to substitute the true names and capacities of said DOE Defendants when they are ascertained.

9. The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave from the court to amend this complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

## FACTUAL BACKGROUND

10. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

11. At all times relevant hereto, Defendants CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") and FOLSOM STATE PRISON, acting under color of state law, owed decedent PAUL LEWIS GRANADOS a non-delegable duty to ensure his safety, provide constitutionally adequate medical and mental health care, and protect him from known risks of harm while in their custody.

12. Mr. Granados had previously been incarcerated at Pelican Bay State Prison, where he was subjected to an incident that left him with credible fears for his safety. He communicated

those fears to prison officials and requested protective measures.

13. Despite these warnings, Defendants failed to place Mr. Granados in protective custody, failed to implement suicide prevention protocols, and failed to provide adequate monitoring or medical intervention.

14. Defendants' omissions occurred while acting under color of law and in the course of their official duties as custodians of Mr. Granados.

15. On September 22, 2024, Mr. Granados was discovered unresponsive in his cell at Folsom State Prison, having attempted suicide by hanging.

16. He was transported to Mercy Hospital of Folsom, where he died on September 23, 2024, from injuries sustained by suicide.

17. The Sacramento County Coroner's Office certified the cause of death as hanging and identified the manner of death as suicide.

18. Plaintiff was informed by the Coroner's Office that Mr. Granados left a letter prior to his death, but this letter was withheld from her and may have been retained by investigators due to the nature of his death.

19. Plaintiff has submitted multiple FOIA and CPRA requests to CDCR and Folsom State Prison seeking records related to Mr. Granados' incarceration, medical care, monitoring, and death, including the suicide note, but Defendants have failed to produce responsive materials.

20. Defendants' failures include, but are not limited to:

a. Ignoring Mr. Granados' prior warnings and documented fears for his safety;

b. Failing to provide constitutionally adequate medical and mental health care;

c. Failing to implement suicide prevention protocols despite known risk factors;

d. Withholding critical evidence, including the suicide note, from Plaintiff; and

e. Failing to provide transparency or accountability through timely responses to

lawful records requests.

21. These acts and omissions demonstrate deliberate indifference to Mr. Granados' constitutional rights, breach of Defendants' duty of care, and directly contributed to the conditions that led to his preventable death.

**COUNT I**
**WRONGFUL DEATH**
***(Against All Individual Defendants)***

22. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

23. At all times relevant hereto, Defendants, acting under color of state law and in their official custodial capacities, owed decedent PAUL LEWIS GRANADOS a duty to exercise reasonable care to protect him from foreseeable harm, including self-harm, and to provide constitutionally adequate medical and mental health care while he was incarcerated.

24. Defendants breached that duty by failing to implement suicide prevention protocols, failing to respond to Mr. Granados' documented fears for his safety, failing to provide adequate monitoring and medical intervention, and by disregarding clear risk factors that made Mr. Granados vulnerable to self-harm.

25. As a direct and proximate result of Defendants' negligence, omissions, and deliberate indifference, Mr. Granados suffered fatal injuries on September 22, 2024, and died on September 23, 2024.

26. Plaintiff, as surviving spouse and personal representative of the Estate of Paul Lewis Granados, has sustained damages including loss of consortium, emotional distress, funeral and burial expenses, and other compensable losses under California law.

27. Defendants' conduct constitutes wrongful death pursuant to California Code of Civil Procedure § 377.60, entitling Plaintiff to recover damages for the full value of the life lost

and the harms suffered by his heirs.

**COUNT II**
**DELIBERATE INDIFFERENCE (42 U.S.C. § 1983)**
***(Against All Individual Defendants)***

28. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

29. At all times relevant hereto, Defendants, acting under color of state law in their roles as correctional officers, supervisors, and agents of CDCR and Folsom State Prison, owed decedent PAUL LEWIS GRANADOS a duty under the Eighth and Fourteenth Amendments to protect him from known risks of harm and to provide constitutionally adequate medical and mental health care.

30. Defendants knew or should have known that Mr. Granados faced a substantial risk of serious harm, including self-harm, based on his prior incident at Pelican Bay State Prison, his expressed fears for his safety, and his observable mental health needs.

31. Despite this knowledge, Defendants acted with deliberate indifference by failing to place Mr. Granados in protective custody, failing to implement suicide prevention protocols, failing to provide adequate monitoring, and failing to provide timely medical or mental health intervention.

32. Defendants' conduct, omissions, and deliberate indifference violated Mr. Granados' clearly established constitutional rights under the Eighth Amendment to be free from cruel and unusual punishment and under the Fourteenth Amendment to substantive due process.

33. As a direct and proximate result of Defendants' deliberate indifference and constitutional violations, Mr. Granados suffered fatal injuries on September 22, 2024, and died on September 23, 2024.

34. Plaintiff, as surviving spouse and personal representative of the Estate of Paul

Lewis Granados, has sustained damages including loss of consortium, emotional distress, funeral and burial expenses, and other compensable losses.

35. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees, and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT III
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS – 42 U.S.C. § 1985(3)
***(Against All Individual Defendants in Their Individual Capacities)***

36. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

37. Upon information and belief, Defendants, acting under color of state law, entered into an agreement, understanding, or concerted plan to deprive PAUL LEWIS GRANADOS of his constitutional rights, including his right to be free from cruel and unusual punishment under the Eighth Amendment and his right to substantive due process under the Fourteenth Amendment.

38. The object of this conspiracy included ignoring Mr. Granados' repeated pleas for protection, failing to provide constitutionally adequate medical and mental health care, disregarding known suicide risk factors, and concealing or withholding critical evidence such as the suicide note.

39. Defendants committed overt acts in furtherance of this conspiracy, including but not limited to:

a. Coordinated failure to place Mr. Granados in protective custody despite documented threats;

b. Failure to implement suicide prevention protocols despite knowledge of his vulnerability;

c. Withholding and concealing the suicide note and other investigative materials from Plaintiff;

d. Failing to produce responsive records to lawful FOIA and CPRA requests.

40. As a direct and proximate result of Defendants' conspiracy and overt acts, Mr. Granados suffered fatal injuries on September 22, 2024, and died on September 23, 2024, and Plaintiff has sustained damages including loss of consortium, emotional distress, funeral and burial expenses, and other compensable losses.

41. Defendants' conduct constitutes a conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3), entitling Plaintiff to compensatory damages, punitive damages, attorney's fees, and costs.

## COUNT IV
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA), TITLE II – 42 U.S.C. § 12132
***(Against CDCR and Folsom State Prison)***

42. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

43. At all times relevant hereto, Defendants CDCR and Folsom State Prison were public entities subject to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

44. Decedent PAUL LEWIS GRANADOS was a qualified individual with a disability by virtue of his serious mental health needs, including documented fears for his safety and vulnerability to self-harm.

45. Defendants discriminated against Mr. Granados and failed to provide reasonable accommodations for his disability by:

a. Ignoring his documented mental health needs and suicide risk factors;

b. Failing to implement suicide prevention protocols or protective custody measures;

c. Failing to provide adequate monitoring and medical intervention; and

d. Withholding critical evidence, including the suicide note, from Plaintiff.

46. As a direct and proximate result of Defendants' discrimination and failure to accommodate Mr. Granados' disability, he suffered fatal injuries on September 22, 2024, and died on September 23, 2024.

47. Plaintiff has sustained damages including loss of consortium, emotional distress, funeral and burial expenses, and other compensable losses.

48. Defendants' conduct violated Title II of the ADA, entitling Plaintiff to compensatory damages, injunctive relief, attorney's fees, and costs.

**COUNT V**
**VIOLATION OF THE REHABILITATION ACT OF 1973 – 29 U.S.C. § 794**
***(Against CDCR and Folsom State Prison)***

49. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

50. At all times relevant hereto, Defendants CDCR and Folsom State Prison received federal financial assistance and were subject to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

51. Decedent PAUL LEWIS GRANADOS was a qualified individual with a disability by virtue of his serious mental health needs, including documented fears for his safety and vulnerability to self-harm.

52. Defendants discriminated against Mr. Granados and failed to provide reasonable accommodations for his disability by:

a. Ignoring his documented mental health needs and suicide risk factors;
b. Failing to implement suicide prevention protocols or protective custody measures;
c. Failing to provide adequate monitoring and medical intervention; and
d. Withholding critical evidence, including the suicide note, from Plaintiff.

53. As a direct and proximate result of Defendants' discrimination and failure to accommodate Mr. Granados' disability, he suffered fatal injuries on September 22, 2024, and died on September 23, 2024.

54. Plaintiff has sustained damages including loss of consortium, emotional distress, funeral and burial expenses, and other compensable losses.

55. Defendants' conduct violated Section 504 of the Rehabilitation Act, entitling Plaintiff to compensatory damages, injunctive relief, attorney's fees, and costs.

**COUNT VI**
**NEGLIGENCE**
***(Against All Individual Defendants in Their Individual Capacities)***

56. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

57. At all times relevant hereto, Defendants, acting under color of state law and in their custodial capacities, owed decedent PAUL LEWIS GRANADOS a duty to exercise reasonable care to ensure his safety, to provide adequate medical and mental health treatment, and to follow established correctional protocols designed to prevent foreseeable harm, including self-harm.

58. Defendants breached that duty by failing to implement suicide prevention measures, failing to respond to Mr. Granados' documented fears for his safety, failing to provide adequate monitoring and medical intervention, and by disregarding clear risk factors that made Mr. Granados vulnerable to self-harm.

59. Defendants further breached their duty by withholding critical evidence, including the suicide note, and failing to provide transparency or accountability in response to lawful records requests, thereby compounding the harm to Plaintiff and the Estate.

60. As a direct and proximate result of Defendants' negligence, omissions, and breaches of duty, Mr. Granados suffered fatal injuries on September 22, 2024, and died on

September 23, 2024.

61. Plaintiff, as surviving spouse and personal representative of the Estate of Paul Lewis Granados, has sustained damages including loss of consortium, emotional distress, funeral and burial expenses, and other compensable losses under California law.

**<u>COUNT VII</u>**
**Intentional Infliction of Emotional Distress**
***(Against All Defendants)***

62. Plaintiff hereby repeats all of the allegations and exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

63. At all times relevant hereto, Defendants engaged in conduct that was extreme, outrageous, and beyond the bounds of decency tolerated in a civilized society, including but not limited to: ignoring Mr. Granados' repeated pleas for protection, failing to provide constitutionally adequate medical and mental health care, disregarding known suicide risk factors, and withholding critical evidence such as the suicide note from Plaintiff.

64. Defendants acted intentionally and/or with reckless disregard of the probability that their conduct would cause Plaintiff severe emotional distress.

65. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress, including grief, anguish, loss of consortium, and other compensable harms.

66. Defendants' conduct was willful, wanton, and malicious, entitling Plaintiff to compensatory damages, punitive damages, and all other relief deemed just and proper by the Court.

**<u>PRAYER FOR RELIEF</u>**

67. **WHEREFORE,** for the foregoing reasons and pursuant to the Counts above, Plaintiff REBECCA DENICE LAVENANT, individually and as Personal Representative of the Estate of PAUL LEWIS GRANADOS, demands judgment against Defendants CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION, FOLSOM STATE PRISON, and DOES 1–50, and seeks general, compensatory, and punitive damages; reasonable attorney's fees and costs of suit with interest pursuant to 42 U.S.C. § 1988; and such other and further relief as this Court may deem equitable and just.

**JURY DEMAND**

68. Plaintiff demands a trial by jury on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**CERTIFICATION**

69. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

**LLG NATIONAL LAW GROUP**

Dated: September 17, 2026

*_/s/ Renee Walker__________*

Renee Walker ESQUIRE
California Bar No. 138283
3003 N. Central Ave. Ste. 685
Phoenix, AZ 85012
(T)888-363-0011
(F) 856.375.1010
Renee.Walker@llgnational.com
Attorney for Plaintiff